# In the United States Court of Federal Claims

No. 15-1440C

(Filed:  February 19, 2016)

*****************************************
\* 
JOHNSON CONTROLS                    \* 
GOVERNMENT SYSTEMS, LLC,            \* 
\* 
                  Plaintiff,       \* 
\*     Pre-award Bid Protest; Late Submittal of
v.                                  \*     Proposal;  FedConnect  Electronic  Filing
\*     System; FAR 52.215-1.
THE UNITED STATES,                  \* 
\* 
                  Defendant.      \* 
\* 
*****************************************

*David R. Johnson,* with whom were *Joshua S. Johnson* and *Tyler E. Robinson,* Vinson & Elkins LLP, Washington, D.C., for Plaintiff.

*Renée Gerber*, with whom were *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Marc Kasischke* and *Gabriel D. Soll*, Office of General Counsel, and *Kimberly J. Graber,* Golden Field Office, U.S. Department of Energy, Of Counsel, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

      In this pre-award bid protest, Plaintiff Johnson Controls Government Systems, LLC ("Johnson Controls") challenges a decision by the U.S. Department of Energy ("DOE") that Plaintiff's proposal should be rejected as late.  Johnson Controls requests the Court to overturn DOE's action as unreasonable and to compel DOE to evaluate Plaintiff's proposal before award. After full briefing and oral argument, the Court finds that DOE acted reasonably in rejecting Johnson Controls' proposal as untimely, and the protest is DENIED.

## Factual Background

      DOE issued Solicitation No. DE-SOL-0006380 on March 23, 2015, seeking proposals for indefinite delivery, indefinite quantity ("IDIQ") Energy Savings Performance Contracts, under which individual projects would be awarded by task orders.  Administrative Record ("AR") 115.

The Instructions to Offerors provided specifically that proposals were required to be submitted through the "FedConnect Responses" web portal:

> Submission of Proposals. Proposals shall only be accepted through FedConnect. It is imperative that the Offeror read and understand how to submit its quote using the FedConnect web portal by going to www.fedconnect.net. All proposal documents required by this solicitation must be uploaded and received in their entirety in the FedConnect Responses web portal no later than April 29, 2015.[1] Proposals submitted via hardcopy, email, or the FedConnect Message Center shall not be accepted or considered. Failure to submit a response that is received through the FedConnect Responses web portal by the stated time and date may result in the proposal not being considered. By submitting a proposal, the Offeror agrees to comply with all terms and conditions as set forth in this solicitation.

AR 393.  The Solicitation Instructions also referenced Federal Acquisition Regulation ("FAR") 52.215-1 "for rules concerning submission of offers and late proposals."  AR 392.

The Solicitation Instructions do not explain that FedConnect is a privately owned and maintained portal which interfaces with a variety of federal agencies including DOE.  AR 461. This information is contained in the guide found at fedconnect.net, FedConnect, Ready, Set, Go!, AR 446-498, which describes how FedConnect enables federal agency contracting officials to post solicitations, receive proposals, and otherwise communicate with prospective vendors.  A review of the AR reveals that, like the other participating agencies, DOE contracting officials do not have login rights or other direct access to FedConnect.  Rather, all DOE access to documents submitted by potential vendors comes after they are imported through FedConnect into DOE's own procurement system, the Strategic Integrated Procurement Enterprise System known as "STRIPES."  The offeror completely controls the proposal submittal process and must follow the proper submission procedures.  AR 30-31.  As explained in the FedConnect guide, the recorded date and time of a vendor's submission is the date and time the vendor clicked the "submit" button in FedConnect, at which time the vendor receives a confirmation.  AR487.  Until the "submit" button is clicked, the agency has no knowledge of the submission, and the vendor can access its proposal for modification or withdrawal at any time.  AR486.

On May 11 and 12, 2015, a Johnson Controls employee uploaded the complete proposal to the FedConnect Responses web portal.  The portal then indicated to the employee that the volumes of the proposal were "In Progress."  The employee took no further action to deliver the proposal at that time.  On the due date, May 13, 2015, Johnson Controls sent an email message through FedConnect to the DOE Contracting Officer requesting confirmation that the proposal had been received.  The Contracting Officer responded the same day that DOE had not received the proposal; however, the employee did not receive this message. AR 894. On May 18, 2013, five

---

[1] The Solicitation deadline was later extended to May 13, 2015.  AR 215.

days after the due date, Johnson Controls inquired again as to DOE's receipt of the proposal. This time the employee received a DOE response that the agency had not received the proposal. Johnson Controls then sought advice from the Help Desk at FedConnect and learned that although the proposal was in the FedConnect system, the employee should have clicked the "submit" link in order to complete proposal delivery. Johnson Controls completed this step on May 18, 2013, and as the proposal moved into DOE's STRIPES system, the status of the proposal volumes changed from "In Progress" to "Submitted." AR 818.

Johnson Controls then wrote to the Contracting Officer requesting that its offer be treated as timely, describing the events that delayed submission of the proposal. Johnson Controls also argued that even if the proposal were not considered timely, it could nevertheless be accepted under the exceptions described in the FAR provisions on timing of offers, FAR 52.215-1, which had been incorporated into the Solicitation. AR 417. DOE's July 27, 2015 response denied the request, stating that the proposal was submitted late and would not be evaluated. AR 427. Johnson Controls then filed an agency-level protest of that decision, which was unsuccessful. AR 512, 583. Next came a protest filed with the Government Accountability Office, which was denied on November 24, 2015. AR 1-5, Johnson Controls Government Systems, LLC, B-411862.2, Nov. 24, 2015, 2015 CPD ¶ 357.

Johnson Controls filed its complaint in this Court on December 1, 2015. Defendant submitted the certified administrative record on December 16, 2015. The parties filed cross-motions for judgment on the administrative record, and the Court heard oral argument on February 11, 2016.

Standard of Review

In a bid protest, this Court reviews an agency's decision pursuant to the standards set forth in the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 701-706 (2000); see also Impresa Construzioni Geom. Domenic Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001) (stating that the APA standard of review shall apply in all procurement protests in the Court of Federal Claims). Under the APA, a reviewing court shall set aside an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The APA standard allows this Court to set aside an agency's procurement decision if it lacked a rational basis or if the agency's decision-making involved a violation of regulation or procedure. Impresa, 238 F.3d at 1332. When evaluating a challenge on the first ground, a court "must determine 'whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion. When a challenge is brought on the second ground, the disappointed bidder must show a clear and prejudicial violation of applicable statutes or regulations.'" Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting Impresa, 238 F.3d at 1332–33 (Fed. Cir. 2001).

<u>Discussion</u>

Johnson Controls asks the Court to find that DOE was unreasonable in rejecting Plaintiff's proposal as late, or in the alternative, in failing to apply the exceptions to timely filing contained in the FAR.  Plaintiff requests the Court to compel DOE to accept the proposal for full evaluation and consideration for award.  Plaintiff maintains that its filing in the FedConnect electronic system was timely because it met the specifications set forth in the Solicitation that documents be "uploaded and received" in the "FedConnect Responses" web portal by the specified time, and that DOE could not reasonably expect vendors to understand that further actions to complete submission to the agency were required. [2]  In response, Defendant argues that Plaintiff ignores the language in that same paragraph of the Solicitation which explains that it "is imperative that the Offeror read and understand how to submit its quote using the FedConnect web portal by going to www.fedconnect.net."  It seems that no one on Plaintiff's staff carefully or fully read the instructions found at FedConnect, because the steps necessary for delivery of a proposal were not taken.  For this reason Johnson Controls' proposal remained undelivered until five days after the deadline. The FAR provisions on timing of submission of proposals, known as "late is late", provide that "[o]fferors are responsible for submitting proposals, and any modification or revisions, so as to reach the Government office designated in the solicitation by the time specified in the solicitation."  FAR 52.215-1(c)(3)(i).  While the wording of DOE's Solicitation perhaps could have been clearer to avoid confusion, it remains Plaintiff's responsibility to understand the proposal submission requirements, including educating itself on the use of the electronic filing system specified in the Solicitation.  For this reason, the Court must find that DOE reasonably rejected Plaintiff's proposal as untimely.

Plaintiff argues in the alternative, that even if its filing in the FedConnect system is determined to be untimely, an exception to the timeliness requirement found in the FAR should be applied here.  FAR 52.215-1 provides an exception permitting consideration of an otherwise late proposal, if four conditions are met:  the proposal must be received before award is made, and the Contracting Officer must determine that accepting the late offer would not unduly delay the acquisition.  In addition, if the offer was transmitted electronically, it must have been received "at the initial point of entry to the Government infrastructure not later than 5:00 p.m. one working day prior to the date specified for receipt of proposals," and there must be "acceptable evidence" that the proposal was under the Government's control prior to the time set for receipt of offers.  FAR 52.215-1(c)(3)(ii)(A).  It is the last condition, often called the "Government control exception," that is the main source of dispute here.  Our Court has defined "Government control" in this context as occurring when "the offeror relinquishes control over the proposal such that the offeror no longer can modify the proposal."  <u>Electronic On-Ramp, Inc. v. United States</u>, 104 Fed. Cl. 151, 163 (2012); <u>see</u> <u>also</u> <u>Watterson Const. Co. v. United States</u>, 98 Fed. Cl. 84, 97 (2011).  Plaintiff

[2] Apparently the Solicitation instructions adequately explained submission procedures to most vendors:  counsel for the Government reported at oral argument that 30 offerors submitted proposals for this procurement, and that 27 of them submitted their proposals correctly through the FedConnect system.  Plaintiff was one of the three vendors who did not; a second vendor filed incorrectly in a different way but did relinquish control and complete delivery in a timely manner, <u>see</u> <u>AECOM Technical Services, Inc.</u>, B-411862, Nov. 12, 2015, 2015 CPD ¶ 353.  The problem with the third non-compliant offeror, who did not file a protest, is unknown.

argues that, because its proposal was entered into the FedConnect system, any later modifications it might have made would be clearly recorded, and in fact, Plaintiff could have but did not change or withdraw its proposal after filing.   However, as Defendant points out, DOE was not in possession of the proposal and had no way of accessing it until Plaintiff submitted it to the agency, and thus the proposal was clearly not "under the Government's control" as required by the FAR. To construe the instant facts where Plaintiff uploaded the proposal but did not send it, as within the Government's control, is stretching the language of the FAR beyond reason, and there would be no tangible limit to the time an offeror could hold an uploaded (albeit unmodified) proposal before submitting.

For these reasons, the Court finds that DOE acted reasonably in rejecting Plaintiff's proposal as untimely, and GRANTS Defendant's Cross-Motion for Judgment on the Administrative Record.   Plaintiff's Motion for Judgment on the Administrative Record is DENIED.

IT IS SO ORDERED.


s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge